UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:16-00050

FELICIA INEZ VARELA


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On July 1, 7 and 13, 2016, the United States of America appeared by W. Clinton Carte[1], Assistant United States Attorney, and the defendant, Felicia Inez Varela, appeared in person and by her counsel, Ann Mason Rigby, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Lilla Adkins.  The defendant commenced a four-year term of supervised release in this action on July 30, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on February 19, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

---

[1]The court notes that Philip H. Wright, Assistant United States Attorney, appeared on behalf of the United States on July 7, 2016.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed amphetamine and methamphetamine as evidenced by positive urine specimens submitted by her on December 8, 2015; January 25, March 17, April 7 and 13, and May 12, 2016, as evidenced by the defendant's admission on the record of the hearing; (2) the defendant failed to report to the probation office as directed on April 7 and 8, 2016, as evidenced by the defendant's admission on the record of the hearing; (3) the defendant failed to file a monthly supervision report for the months of March and April, 2016, as evidenced by the defendant's admission on the record of the hearing; (4) the defendant admitted to the probation officer on March 17, 2016, that she had recently associated with Corey Harris while he used methamphetamine at her residence; (5) with respect to the five paragraphs set forth in Violation No. 4, the defendant stipulated on the record of the hearing that the government possesses sufficient proof to prove the violations set forth therein by a preponderance of the evidence; all as set forth in the petition on supervised release.

2

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of time that runs from June 2, 2016, to July 27, 2016, to be followed by a term of forty-six (46) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that she, immediately upon her release, participate in the 90-day MOTHER program in Beckley, West

3

Virginia, and follow the rules and regulations of the facility, during which time she shall participate as directed in drug abuse counseling and treatment, and mental health treatment. The defendant shall also participate in a random drug screening program as administered by or at the direction of the MOTHER program and as may be directed by the probation officer. Immediately upon completion of the MOTHER program, the defendant shall participate in the six-month residential program at either the Mattie V. Lee Home or Ray of Hope, or some other comparable program as deemed appropriate by the probation officer; and, if available, the defendant shall thereupon continue for another six months in a follow-up program comparable to that offered at that stage by the Mattie V. Lee Home.

Inasmuch as a bed is available for the defendant at the MOTHER program on July 27, 2016, it is ORDERED that the defendant shall be released from custody at 8:00 a.m. on July 27, 2016, for transportation by her mother, Barbara Moreno, from the South Central Regional Jail in Charleston, West Virginia, directly to the MOTHER program in Beckley, West Virginia.

The defendant was remanded to the custody of the United States Marshal.

4

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  July 15, 2016

John T. Copenhaver, Jr.
United States District Judge